UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAVANNAH COLLEGE OF
ART AND DESIGN, INC.,
    Plaintiff

Case No. C-1-02-490

vs

PHILIPPE HOUEIX,
    Defendant

**ORDER**
(Hogan, M.J.)

    This matter is before the Court on plaintiff Savannah College of Art and Design, Inc.'s (Savannah College) motion to dismiss defendant Philippe Houeix's counterclaim for breach of contract (Doc. 26), defendant Houeix's response thereto (Doc. 28), and Savannah College's reply memorandum. (Doc. 29).

    When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the [counterclaim] plaintiff, accept all factual allegations as true, and determine whether the [counterclaim] plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.)(citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993), *cert. denied*, 117 S.Ct. 510 (1996); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Barrett v. Harrington*, 130 F.3d 246 (6th Cir. 1997), *cert. denied*, 523 U.S. 1075 (1998)("In considering a motion to dismiss for failure to state a claim, the Court is required to take as true all factual allegations in the complaint."); *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1025 (6th Cir. 1990), *cert. denied*, 498 U.S. 1086 (1991). However, the Court need not accept as true a legal conclusion couched as a factual allegation or unwarranted factual inferences. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). *See also Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

Philippe Houeix is an interior designer formerly residing in France who was hired by Savannah College as an interior design instructor. Houeix moved to Savannah, Georgia in May 1999 and began teaching in June 1999.

Houeix and Savannah College executed two Employment Agreements, dated August 16, 2000 and April 18, 2001 respectively, which are the subject of Houeix's counterclaims. Houeix alleges a contract modification entitled Repayment Agreement was executed September 13, 2000. He alleges the Employment Agreements incorporate two Faculty Handbooks that are substantially identical. The Employment Agreements specify that Georgia law governs the construction and enforcement of the Agreements. (Doc. 22, ¶29; Exhs. A, B, C, D).

Houeix alleges that in August 2000, Savannah College required Houeix to enroll in courses towards obtaining a Master's Degree, a requirement for teaching at Savannah College. (Doc. 22, ¶33). He alleges that he registered for two classes and was required to sign a Repayment Agreement on September 13, 2000. Houeix alleges that Savannah College promised to waive tuition for one course per quarter. Houeix agreed to reimburse Savannah College for the tuition for each Master's course that exceeded one per quarter in the event Houeix's teaching contract was not renewed. (Doc. 22, ¶¶42, 46).

Houeix alleges he never attended classes for his master's degree program, but was nevertheless given credit for such classes and grades of "A." (Doc. 22, ¶47). He alleges that in the fall and spring quarters of the 2000-2001 academic year he registered for two master's degree classes per quarter. Because of conflicts in his teaching schedule, he did not attend these classes yet received grades of "A" for each class. (Doc. 22, ¶48). Houeix alleges that during the summer quarter of 2001, the Chair of the Interior Design Department created three courses so that Houeix would qualify for a master's degree. He alleges that the classes were non-existent. Nevertheless, he was given credit and grades of "A" for these courses. (Doc. 22, ¶49). Houeix alleges that Savannah College provided credit to Houeix for fictitious courses for two reasons: (1) to award Houeix a master's degree to enable him to teach master's level courses; and (2) to enhance Savannah College's status as an accredited school with the Southern Association of College Schools, an accrediting body. (Doc. 22, ¶36).

Houeix alleges that the Repayment Agreement dated September 13, 2000, required him to pay for courses that were neither attended nor taught. He alleges that Savannah College agreed to provide instruction for courses in which tuition was

waived or charged to Houeix, but failed to provide such instruction. (Doc. 22, ¶42).

Houeix alleges that Savannah College promised to provide course instruction to Houeix as part of its master's degree program in its agreements dated August 16, 2000, September 13, 2000, and April 18, 2001, but failed to do so. (Doc. 22, ¶53). Houeix alleges that the tuition waiver terms contained within the Faculty Handbook requires Savannah College to provide instruction to Houeix. (Doc. 22, ¶53, Exh. C).

Houeix further alleges that Savannah College breached provisions of the Faculty Handbook prohibiting dishonesty, falsification, and the provision of misleading or untrue information to third parties. (Doc. 22, ¶40). Houeix also alleges that Savannah College breached provisions of the Faculty Handbook requiring it to maintain accurate student grade records. *Id.*

Houeix states that he taught classes for the first few days of the fall 2001 quarter, then left his employment with Savannah College in September 2001 because of the intolerable employment condition, to wit, the "fraudulent grading scheme." (Doc. 22, ¶¶36, 37).

Houeix alleges two claims for relief. The first is for the breach of the contract dated August 16, 2000. The second is for the breach of the contract dated April 18, 2001. Houeix alleges Savannah College breached the implied covenant of good faith and fair dealing under Georgia law, including violations of O.C.G.A. § 20-1-7. Houeix also alleges Savannah College breached its contracts with him by failing to provide instruction in the master's degree courses for which Houeix was charged. Finally, Houeix alleges Savannah College breached the terms of the Faculty Handbooks as they relate to honesty, accuracy in grading, and falsification of information.

Savannah College contends Houeix's counterclaim should be dismissed because Savannah College has not violated any covenant of good faith and fair dealing associated with the Employment Agreements with Houeix. The covenant of good faith and fair dealing is not an independent contract term. *Stuart Enterprises Intern., Inc. v. Peykan, Inc.*, 252 Ga.App. 231, 234, 555 S.E.2d 881, 884 (2001). It is a doctrine which modifies all explicit terms of the contract. *Id.* Thus, a cause of action for breach of the covenant of good faith and fair dealing will not stand without breach of an explicit contract provision. *Id. See also Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990)(construing Georgia law).

3

Here, Savannah College contends that neither Employment Agreement obligates it to provide class instruction to Houeix. Savannah College argues that the Repayment Agreement whereby Savannah College agrees to reimburse Houeix for tuition payments is not part of the Employment Agreements upon which Houeix bases his claims. (Doc. 26 at 11 n. 5). Savannah College argues its only obligation under the Employment Agreements in question was to pay Houeix the gross salary indicated in the Agreements. Because Houeix has not alleged any breach of this duty, Savannah College argues he has no claim for a breach of any covenant of good faith and fair dealing.

While it is certainly true that Savannah College cannot "breach" a term of a contract that does not exist, *Cocozelli v. Andrew Homes, Inc.*, 223 Ga. App. 550, 552, 479 S.E.2d 391, 392 (1996), Houeix's counterclaim alleges that his employment contract with Savannah College encompasses not only the specific Employment Agreements dated August 16, 2000, and April 18, 2001, but the Repayment Agreement of September 13, 2000 and provisions of the Faculty Handbook as well. He argues that these documents, read together, obligated Houeix to take courses towards obtaining a master's degree as a condition of employment with Savannah College and, concomitantly obligated Savannah College to provide instruction to Houeix. Savannah College does not dispute that it required Houeix to enroll in a master's degree program in Interior Design. (Doc. 22 at 6). It would certainly seem anomalous to require Houeix to enroll in a master's degree program as a requirement of his employment as an instructor at Savannah College, yet not provide any instruction towards obtaining such a degree while awarding grades and credit despite the lack of instruction or attendance.

At this juncture, the Court must construe the pleadings in the light most favorable to Houeix, with all doubts resolved in his favor, even though unfavorable constructions of the employment agreements are possible. To the extent Houeix alleges, and Savannah College acknowledges, that Houeix was required to enroll in a master's degree program as a condition of his employment with Savannah College and Houeix alleges that Savannah College was required to provide class instruction towards such degree, Savannah College was required to exercise good faith in carrying out its duties thereunder. *Stuart Enterprises*, 252 Ga.App. at 233, 555 S.E.2d at 884. The Court cannot, at this juncture, find or conclude as a matter of law that Houeix can prove no set of facts in support of his breach of contract claims that would entitle him to relief. Therefore, dismissal of plaintiff's complaint on this basis at this juncture is inappropriate. Savannah College's motion to dismiss is denied in this respect.

However, to the extent Houeix bases his breach of contract claim on a violation of O.C.G.A. § 20-1-17, his claim must fail. "Penal statutes in Georgia do not give rise to a private cause of action for the conduct proscribed." *Calhoun v. Federal National Mortgage Ass'n*, 823 F.2d 451, 455 (11th Cir. 1987). *See Cox Broadcasting Corp. v. Cohn*, 231 Ga. 60, 200 S.E.2d 127 (1973), *rev'd on other grounds*, 420 U.S. 469, (1975). Therefore, Savannah College's motion to dismiss is granted in this respect.

Houeix also contends that Savannah College breached its employment contract with him when its Registrar, Chair of the Department of Interior Design, and Dean of the College of Fine Arts failed to accurately and honestly report his grades in accordance with the provisions of the Faculty Handbook. The Faculty Handbook is incorporated by reference in the Employment Agreements executed by Houeix and Savannah College. (Doc. 22, Exhs. A at 1 and B at 1). However, the Faculty Handbook contains a Disclaimer provision, prominently displayed on page 1 of the Faculty Handbook. (Doc. 22, Exh. C, "Welcome" page). The Disclaimer states: "This handbook does not create any rights or benefits. ***This handbook is subject to change at the college's discretion to suit the current needs of the institution.***" *Id*. (emphasis in the original).

Here, the Disclaimer is clear that the provisions of the handbook are not binding on Houeix and Savannah College. The Disclaimer is also conspicuously placed on the first page of the Handbook. The Disclaimer also reserves to Savannah College the right to change the terms of the Handbook unilaterally. Under these circumstances, the provisions of the Handbook are not contractually binding on Houeix and Savannah College. *See Gale v. Hayes Microcomputer Prod., Inc.*, 192 Ga.App. 30, 383 S.E.2d 590 (1989). Courts have uniformly held that where employee manuals contain clear, conspicuously placed statements disclaiming the binding effect of an employee handbook, such handbooks are not enforceable employment contracts. *See, e.g., Jarema v. Olin Corp.*, 4 F.3d 426, 429 (6th Cir. 1993) (interpreting Michigan law); *Dellefave v. Access Temporaries, Inc.*, 37 Fed. Appx. 23 (2nd Cir. 2002); *Coatney v. Enterprise Rent-A-Car Co.*, 897 F. Supp. 1205, 1209-11 (W.D. Ark. 1995); *Dahlberg v. Lutheran Soc. Servs.*, 625 N.W.2d 241, 247 (N.D. 2001); *McCluskey v. Unicare Health Facility, Inc.*, 484 So.2d 398, 400 (Ala.1986). Therefore, Houeix cannot prevail on his breach of contract claim in this respect.

Even assuming, arguendo, the Disclaimer is not effective, the Handbook by its explicit terms nevertheless imposes no contractual duties on Savannah College in terms of academic honesty and accuracy and truthfulness in reporting information to

third parties. The explicit provisions of the Handbook requiring honesty and truthfulness in reporting are imposed on Savannah College's faculty members, and not Savannah College administrators. For example, the Handbook provides that "[a]nonymous, misleading or untruthful information given to members of the board of trustees, college community (faculty, staff or students) or any third person is a violation of college policy and *may be grounds for immediate termination*." (Doc. 22, ¶40, Exh. C, III.2, emphasis added). The plain language providing for termination for engaging in the proscribed conduct can only apply to faculty members as employees capable of termination, and not Savannah College as an employer. Therefore, any alleged breach in this respect by the Registrar or other administrators does not give rise to a breach of contract claim as a matter of law. Therefore, the motion to dismiss should be granted in this respect.

For the above reasons, Savannah College's motion to dismiss Houeix's counterclaims is **DENIED** in part and **GRANTED** in part.

**IT IS SO ORDERED**.

Date: 9/23/03

Timothy S. Hogan
United States Magistrate Judge

J:\KAREN\hogan cases\02-490MTD.wpdkl