IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAVANNAH COLLEGE OF ART
AND DESIGN, INC.,

           Plaintiff,

    v.

PHILIPPE HOUEIX,

           Defendant.

Case No. C-1-02 490
(Beckwith, J.;Hogan, M.J.)

**PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)**
**AS TO CONFIDENTIAL INFORMATION**

It appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of

Civil Procedure is necessary and appropriate and will facilitate discovery, IT IS HEREBY

ORDERED THAT:

**1. APPLICABILITY OF THIS PROTECTIVE ORDER**

a) This Protective Order shall apply to all information, documents and things subject to

discovery or submitted to the Court in this action that a party possesses or controls. Information,

documents or things shall be used solely for purposes of this litigation and not for any other

purpose or for any other legal proceeding.

b) The "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" provisions in this

Protective Order shall apply to information, documents and things designated in accordance with

the procedures set forth herein subject to discovery or submitted to the Court in this proceeding

that a party owns or controls, which information, documents, or things contain the designating

party's confidential information, including without limitation testimony at depositions upon oral

examination or upon written questions, answers to interrogatories, documents or things

produced, information obtained from inspection of premises or things, and answers to requests

for admission. This Protective Order also applies to all information, documents and things

derived from such information, documents and things, including but not limited to copies,

summaries, or abstracts.

c) This Protective Order shall not apply to the following specified documents currently in

the possession of Defendant: Employment Agreements between the parties; correspondence and

e-mails sent by Defendant or sent to Defendant by Plaintiff, its employees, representatives or

agents; Defendant's record of course grades at Plaintiff; Defendant's teaching schedules at

Plaintiff; change of grade forms for Defendant's grades at Plaintiff; any information contained

within the Faculty Handbook or Plaintiffs College Catalogue; and any list of faculty members

and their degrees.

**2. DESIGNATION OF MATERIAL**

a) Any party that produces or provides protected material or information in this litigation

may designate that material as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by

labeling or marking that material or information in the manner described below in paragraphs 6

and 7. Such a designation of information, documents or things shall constitute a representation

that counsel, in good faith, believes that the designation is appropriate under the standards set

forth herein. In addition, a designation of "ATTORNEYS' EYES ONLY" shall be used only

with certain limited materials that contain sensitive, private or confidential commercial, personal

or financial information and that may cause harm to the producing party if shown to persons

other than those described in paragraph 5 below.

b) If a party inadvertently produces "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" information without marking it as such, then the receiving party may disclose the

information to others until the producing party notifies the receiving party of the error in writing.

2

As soon as the receiving party receives written notice of the error, the receiving party must treat the information as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the information that it distributed or disclosed to persons not authorized to receive such information, as well as any copies made by such persons.

c) If a party inadvertently produces information or materials that it later discovers to be privileged or immune from discovery, the production of that document shall not be deemed to constitute a waiver of any applicable privileges or immunities. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of all such materials. Within five (5) business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

## 3. NON-DISCLOSURE AND NON-USE OF CONFIDENTIAL MATERIAL

No information, documents or things designated as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" may be disclosed to any person or made any use of except for purposes of this litigation except with the prior written consent of the party originally designating the information, documents or things, or except as hereinafter provided under this Protective Order.

## 4. PERMISSIBLE DISCLOSURE OF CONFIDENTIAL MATERIAL

"CONFIDENTIAL" material may be disclosed only to the following, unless the Court rules that there may be further disclosure:

a) The parties to this litigation and their officers, directors or employees;

b) Counsel of record for the parties to this litigation and employees in those law firms whose functions require access to "CONFIDENTIAL" material;

c) The authors, senders, addressees, and copy recipients of the "CONFIDENTIAL" material;

d) Nonparty experts or independent consultants engaged by counsel or the parties to assist in this litigation, provided that each non-party expert or independent consultant has signed an undertaking in the form of Exhibit A attached to this Protective Order before receiving discovery materials protected by this Protective Order. The party proposing to disclose the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material to an expert or consultant shall, before disclosing the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material, submit a statement to counsel for all parties, including the producing party, identifying the expert or consultant and describing all employment of or consulting by the expert or consultant in the last five years. Unless any counsel notifies other counsel in writing of its objections to any expert or consultant proposed under this paragraph, including the grounds of the objection, within ten (10) business days after submission of this statement, counsel may disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials to that person. Disclosure of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material to the expert or consultant should not be made if, within fifteen (15) business days of service of such written objection, the parties have made good faith efforts to resolve any objections, and a motion to prevent disclosure has been filed. The party seeking to prevent disclosure shall have the burden of establishing good cause to support its objection and shall use reasonable means to expedite the hearing upon such objection. The proposed expert or consultant shall not receive any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material until the Court decides the motion;

4

e) Any other person to whom the parties stipulate in writing, provided that such person signs an undertaking in the form of Exhibit A attached to this Protective Order before receiving discovery materials protected by this Protective Order;

f) Qualified persons taking testimony involving such confidential information and necessary stenographic and clerical personnel thereof (including video technicians and court reporters);

g) Graphics or design services personnel, non-technical jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel to assist with trial preparation or presentation, or other proceedings in this action; and

h) Independent document translation services personnel retained by counsel to assist in the translation of foreign language documents into the English language.

## 5. PERMISSIBLE DISCLOSURE OF "ATTORNEYS' EYES ONLY" MATERIAL

"ATTORNEYS' EYES ONLY" material may be disclosed only to:

a) Outside counsel of record in this action and their employees whose functions require access to the "ATTORNEYS' EYES ONLY" material;

b) Authors, senders, addressees and copy recipients of the "ATTORNEYS' EYES ONLY" material;

c) Those persons identified in paragraphs 4(d) and 4(e) provided that such persons have executed the undertaking in the form of Exhibit A; provided however that nonparty experts or independent consultants that work with or for a party in any non-litigation capacity may not have access to such materials unless agreed in writing by the parties hereto; and

d) Those persons identified in paragraph 4(f), 4(g) and 4(h).

## 6. METHOD OF DESIGNATION OF DOCUMENTS

a) For purposes of this Protective Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." To the extent feasible, these materials shall be prepared in such a manner that the confidential information is bound separately from that not entitled to such protection.

b) **Documents:** The Designating Party may designate documents as subject to this Protective Order by producing copies of the document marked with a legend reading "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The legend shall be placed upon the first page of each document containing such material and upon each page within such document.

c) **Magnetic Media Documents:** Where a document is produced in a magnetic medium (such as a floppy diskette or tape), the cartridge, reel, or medium container shall be marked with the appropriate notice.

d) **Physical Exhibits:** The confidential status of physical exhibits shall be indicated by placing a label, marked with the appropriate notice, on said physical exhibits.

e) **Third Party Materials:** Any third party from which materials are sought in connection with this action, may be provided with a copy of this Protective Order and notified of the opportunity to designate materials under it. Thereafter, material furnished by a third party will be:

i) Treated as "ATTORNEYS' EYES ONLY" for a period of ten (10) business days from the date of production;

ii) At any time before the tenth business day from the date of production, the third party or any party to this litigation may specifically designate third party material as it deems appropriate pursuant to this Protective Order. A party who designates third party material must promptly notify in writing all other parties to this litigation of such designation and must include a copy of the third party material, properly marked with such notification. Once third party material has been specifically designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the remaining provisions of this Protective Order shall apply.

iii) If third party material has not been specifically designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the third party, or by a party within the ten (10) day business period, the third party material will lose its temporary "ATTORNEYS' EYES ONLY" designation and will have no designation.

## 7. CONFIDENTIAL INFORMATION IN DEPOSITIONS

a) A deponent may be shown during the deposition, and examined about, documents and information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order if the deponent already knows the protected information contained therein or is employed by a party who knows that information, or has been approved under paragraph 4 above.

b) Deponents shall not retain or copy portions of the transcript of their depositions that contain protected information not provided by them or the entities they represent.

c) A deponent who is not a party or a representative of a party may be furnished a copy of this Protective Order at the time of service of the notice of deposition or subpoena pursuant to which the deponent is to appear before being asked to produce potentially confidential documents.

d) Parties (and deponents) may, either during the deposition or in writing at any time within fifteen (15) business days after receipt of the transcript, designate portions of the testimony for protection under this Protective Order. Pending expiration of this designation period, the entire deposition transcript (with the exception of the exhibits to the transcript) will be treated as "ATTORNEYS' EYES ONLY." Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition. Information within the deposition transcript shall be designated by marking the pages containing such information either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and forwarding copies of these pages to the Reporter, to counsel for the parties, and to any other person known to have a copy of the transcript.

e) If no party or deponent timely designates the deposition transcript within the time provided in paragraph 7(d), then none of the transcript (with the exception of the exhibits) will be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order, with the exception of any exhibits to the deposition that were previously designated pursuant to this Protective Order and for which such designation has not been lifted by an order from the Court.

## 8. CLIENT CONSULTATION

Nothing in this Protective Order shall restrict any counsel from advising its client with respect to this action and from relying in a general way upon an examination of material designated pursuant to this Protective Order in giving such advice; provided, however, that in giving such advice and communicating with the client, counsel shall not disclose the substance or contents of any "ATTORNEYS' EYES ONLY" material.

## 9. FILING

A party who lodges or files any paper, pleading or exhibit containing or describing material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order shall submit it to the Court in a sealed envelope, which shall bear the caption of this proceeding, and an indication of the nature of the contents of such sealed envelope, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to a Protective Order in the above captioned litigation and contains confidential information and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope shall not be opened without order of the Court, except by officers of this Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

## 10. USE OF CONFIDENTIAL MATERIAL AT HEARING

Documents and other information designated under this Protective Order may be offered in evidence at any hearing in this proceeding, provided that the proponent of the evidence gives notice, reasonably sufficient to allow any confidentiality to be preserved, to counsel for the party or other person that designated the information. Any party may move the Court for an order that the evidence be received *in camera* or under such other conditions as are necessary to prevent inappropriate disclosure. The Court will then determine whether the proffered evidence should continue to be protected under this Protective Order and, if so, what protection, if any may be afforded to such information at the any hearing in this proceeding.

## 11. SUBPOENA BY COURTS OR AGENCIES

If a third party, a court or an administrative agency requests, subpoenas or orders the production of documents or information designated for protection under this Protective Order which a party has obtained under the terms of this Protective Order, such party shall give prompt

written notice, by hand or facsimile transmission, within five (5) days of receipt of such request, subpoena or order, to those who designated the material "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," shall furnish the producing party with a copy of said request, subpoena or order, shall object to its production setting forth the existence of this Protective Order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The party who designated the material "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall have the burden of defending against such request, subpoena or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from any court.

## 12. NO ADMISSIONS

a) The acceptance or production of information, documents or things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials by any party shall not constitute an admission or concession that any such designation is appropriate.

b) Any party challenging a designation of material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall specify in writing to the producing party those portions of the information, documents and things challenged as improperly designated. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the basis for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the producing party may make an appropriate application to the Court fifteen (15) business days thereafter, with confidential portions thereof to

10

be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

c) Entering into, agreeing to, and/or producing or receiving information or material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or otherwise complying with the terms of this Protective Order shall not:

i) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY";

ii) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery; or

iii) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

## 13. EXCEPTIONS

This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

## 14. NON-TERMINATION

The provisions of this Protective Order shall not terminate at the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of this action, a party in possession of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials, other than that which is

11

contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such materials no later than sixty (60) days after this proceeding is finally concluded such that the time for any challenges to or confirmation of any judgment and any appeals there from has finally expired, to counsel for the party or non-party who provided such information, or (b) destroy such materials within the time period upon the written consent of the party who provided the information and certify in writing within thirty (30) days that the materials have been destroyed.

## 15. EFFECT OF EXECUTION

The execution of this Stipulation shall not be construed as an agreement by any person to supply any document, as a waiver by any person of the right to object to the production of any document, or a waiver of any claim of privilege with regard to the production of any document.

## 16. RESPONSIBILITY OF ATTORNEY

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of documents and information designated for protection under this Protective Order.

## 17. CONSENT TO JURISDICTION

As a condition of reviewing or examining any material designated as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order, each person who reviews or examines any such material expressly agrees to be bound by the terms of this Protective Order. Each such person further agrees to submit himself or herself to the jurisdiction of this Court to enforce the terms of this Protective Order. All such persons further agree that any breach of this Protective Order entitles the aggrieved party to injunctive relief to prevent the dissemination or further dissemination of material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Protective Order

12

and for monetary damages. All such persons further agree to waive any objection to personal or

subject matter jurisdiction if proceedings are brought in this Court to enforce the terms of this

Protective Order.

So Ordered this ____ Day of February 2004.

_____
Timothy S. Hogan
United States Magistrate Judge

| Counsel for Defendant<br>Philippe Houeix | Counsel for Plaintiff Savannah College of<br>Art and Design, Inc. |
|---|---|
| By: *John A. Rebel by Rachel Burke*<br>*per 2/6/04 T/C and e-mail authorization*<br>John A. Rebel (0031771)<br>McKinney & Namei<br>15 East 8th Street<br>Cincinnati, OH 45202<br>Telephone: 513-721-0200<br>Facsimile: 513-632-5898 | By: _____<br>David T. Croall (0009149)<br>Adele E. O'Conner (0023133)<br>Rachel E. Burke (0066863)<br>Porter, Wright, Morris & Arthur LLP<br>Suite 2200<br>250 East Fifth Street<br>Cincinnati, Ohio 45202-5117<br>Telephone: (513) 381-4700<br>Facsimile: (513) 421-0991<br><br>Of Counsel:<br>Stephen J. Butler, Esq. (0010401)<br>Theodore D. Lienesch, Esq. (0016542)<br>Thompson Hine LLP<br>312 Walnut Street<br>Cincinnati, Ohio 45202-4089<br>Telephone: (513) 352-6700<br>Facsimile: (513) 241-4771<br><br>David J. Stewart, Esq.<br>Patrick Elsevier, Esq.<br>Alston & Bird, LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Telephone: (404) 881-7000<br>Facsimile: (404) 881-7777 |

13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAVANNAH COLLEGE OF ART
AND DESIGN, INC.,

        Plaintiff,

    v.

PHILIPPE HOUEIX,

        Defendant.

Case No. C-1-02 490
(Beckwith, J.;Hogan, M.J.)

**CONSENT TO BE BOUND BY
STIPULATED CONFIDENTIALITY
AGREEMENT**

I, the undersigned, hereby acknowledge that I have read the Protective Order in this action,

understand its terms, and agree to be bound by them. I acknowledge that

I will treat any "CONFIDENTIAL" and "ATTORNEYS' EYES

ONLY" material I receive in this action strictly accordingly to the terms of the Protective Order.

I agree to submit to the jurisdiction of the United States District Court for the Southern District

of Ohio Western Division, to enforce the terms of the Protective Order and I hereby waive any

objection I may have to personal or subject matter jurisdiction.


Dated: _____


By: _____


Name: _____


14