IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILIPPE HOUEIX, <br><br> Defendant. | CASE NO. C-1-02 490 <br><br> Magistrate Judge Hogan |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENTS
REGARDING ALLEGATIONS OF FRAUDULENT GRADING
AND MEMORANDUM IN SUPPORT THEREOF**

Plaintiff Savannah College of Art and Design, Inc. ("SCAD") respectfully moves the Court for an Order precluding Defendant Philippe Houeix ("Houeix") from admitting evidence or raising arguments at trial regarding his allegations that he was issued grades by SCAD for classes that he did not attend. These allegations were relevant in this case only to Houeix's counterclaims, and the Court has granted summary judgment to SCAD on each of these counterclaims. Nevertheless, SCAD believes that Houeix may attempt to introduce these allegations at the trial of this case, which is limited solely to trademark-related issues. Because Houeix's allegations are irrelevant to the claims remaining for trial, would potentially prejudice SCAD, and would needlessly waste the Court's time, SCAD moves to exclude them from trial.

- 2 -

## I.     BACKGROUND

The only remaining claims for trial in this case are SCAD's claims for trademark infringement, trademark dilution, unfair competition, and domain name cyberpiracy.[1] SCAD's claims arise from Houeix's registration and use of the domain name SCAD.INFO to serve as the address for a web site that publishes third party complaints about SCAD (the "SCAD.INFO Web Site").

On July 25, 2002, Houeix filed his Answer to SCAD's Complaint. On December 12, 2002, Houeix filed a Motion to Amend his Answer, seeking to bring several counterclaims against SCAD, including claims for breach of contract and fraud. *See* Defendant's Motion for Leave to Amend and accompanying Amended Answer at 10-15. These proposed counterclaims were based upon allegations that SCAD was engaging in a fraudulent grading scheme whereby SCAD would award Houeix a master's degree "without doing any work," and allegations that Houeix "would be awarded grades of 'A' for classes [in his master's program] that he did not attend, or which did not even exist."[2] *See* Proposed Amended Answer at ¶ 75. SCAD opposed Houeix's Motion to Amend, in part on the grounds that the breach of contract claims and fraud claims were mutually exclusive. *See* SCAD's Br. in Opposition to Defendant's Motion for Leave to File Amended Answer and Counterclaims at 6-7. In response to SCAD's opposition, Houeix dropped his fraud counterclaims, and on March 21, 2003, Houeix filed a second Motion to Amend his Answer, seeking to assert only two counterclaims for breach of contract. *See* Defendant's Revised Motion for Leave to Amend at 2. SCAD did not oppose Houeix's Revised

---

[1]     Although SCAD brought claims for breach of contract and conversion in its Complaint, SCAD intends to drop these claims, and they will be omitted from the Pretrial Order.

[2]     These allegations were blatantly false, but SCAD had no need to respond to the claims on the merits because each of the claims was procedurally deficient for the reasons addressed below.

- 3 -

Motion, and on April 25, 2003, the Court granted Houeix's Revised Motion. *See* Apr. 25, 2003 Order.

Houeix's counterclaims were short-lived. On September 23, 2003, the Court dismissed Houeix's counterclaims to the extent that they were brought under O.C.G.A. § 20-1-17 or were based upon the provisions of SCAD's Faculty Handbook. Sept. 23, 2003 Order at 5-6. On July 12, 2004, the Court granted SCAD summary judgment on Houeix's remaining counterclaims. July 12, 2004 Order at 11.

Houeix testified in his deposition that the SCAD.INFO Web Site is not intended to be a site to air his own grievances regarding SCAD. Rather, he testified that he created the SCAD.INFO web site "to be able to post the testimony of other persons regarding SCAD." Deposition of Phillipe Houeix ("Houeix Deposition") at 192:20-22; 194:7-9, 20-24 (attached hereto as Exhibit A). Accordingly, Houeix's allegation that SCAD issued him false grades is irrelevant to the trial of this case. Nevertheless, based upon Houeix's proposed draft of the Pretrial Order and conversations with Houeix's counsel in connection with preparing the Pretrial Order, SCAD has reason to believe that Houeix will continue to attempt to interject these issues into the case. Because they are irrelevant by Houeix's own admissions to the remaining issues in this case, SCAD moves to exclude them from trial.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Only evidence that is relevant to the claims to be tried is admissible at trial. Fed. R. Evid. 402. The Federal Rules define "relevant evidence," to be evidence "having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence is not, however, admissible simply because it is relevant. The Court must balance the probative value of relevant evidence against the danger of unfair prejudice, confusion of the issues, or

wasting time. In instances where those risks substantially outweigh the probative value of the proffered evidence, the evidence should be excluded. Fed. R. Evid. 403.

**A.** **Houeix's Allegation of Fraudulent Grading is Irrelevant and Should Be Excluded Under Fed. R. Evid. 402.**

Now that Houeix's counterclaims have been resolved by the Court, the only claims remaining for trial are those claims brought by SCAD under the Federal Lanham Act, including claims of trademark infringement (under 15 U.S.C. § 1114(1)), unfair competition (15 U.S.C. § 1125(a)), trademark dilution (15 U.S.C. § 1125(c)), and cyberpiracy (15 U.S.C. § 1125(d)). Although the Court must undertake somewhat distinct analyses of each of these claims, the analyses are related.

The "central inquiry" in cases involving trademark infringement and unfair competition is whether the defendant's use of the plaintiff's mark is likely to cause confusion. *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1116, 1123 (6th Cir. 1996).[3] When determining whether a likelihood of consumer confusion exists, courts consider: (1) strength of the senior mark; (2) similarity of the marks; (3) relatedness of the goods or services at issue; (4) evidence of actual confusion; (5) marketing channels used by the parties; (6) likely degree of purchaser care; (7) intent of defendant in selecting its mark; and (8) likelihood of expansion of product lines. *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 792 (6th Cir. 2004).

---

[3]   Although likelihood of confusion is the touchstone inquiry, complete elements of SCAD's trademark infringement and unfair competition claims are set forth in the United States Code. *See* 15 U.S.C. § 1114(1)(a) (trademark infringement occurs if a person, acting without the permission of a trademark's owner, "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive ...."); 15 U.S.C. § 1125(a)(1)(A) (a person engages in unfair competition if he or she, "on or in connection with any goods or services, ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" in a manner that is "likely to cause confusion ....").

- 4 -

- 5 -

Furthermore, the Lanham Act recognizes "initial interest confusion," whereby "[a]n infringing domain name has the potential to misdirect consumers as they search for web sites associated with the owner of a trademark." *PACCAR Inc. v. TeleScan Technologies, L.L.C.*, 319 F.3d 243, 253 (6th Cir. 2003). One of SCAD's allegations in this case is that Houeix's use of the SCAD.INFO domain name creates initial interest confusion among prospective students, parents, faculty members and other relevant members of the public.

To prove its trademark dilution claim, SCAD must show that (1) its SCAD mark is famous, and (2) distinctive, and that Houeix's use of the SCAD mark is (3) in commerce, (4) subsequent to SCAD's mark becoming famous, and (5) causing actual dilution of the distinctive quality of SCAD's mark. *AutoZone*, 373 F.3d at 802. Finally, to prevail on its cyberpiracy claim, SCAD must show that Houeix (1) has a bad faith intent to profit from SCAD's mark, and (2) registers or uses a domain name that is identical to, confusingly similar to, or dilutive of that mark. 15 U.S.C. § 1125(d).

Houeix's allegations of fraudulent grading are not probative of any of these elements, and as such, are irrelevant to the remaining issues in this case under the Federal Rules of Evidence. Evidence or argument pertaining to these allegations should therefore be excluded from trial. *See* Fed. R. Evid. 402.

**B.    Houeix's Allegation of Fraudulent Grading is Potentially Prejudicial to SCAD and Would Waste the Court's Time.**

Where the danger of unfair prejudice or of wasting time substantially outweighs any marginal probative value of proffered evidence, the evidence should be excluded. Fed. R. Evid. 403. For the reasons set forth above, Houeix's allegations of fraudulent grading have no probative value whatsoever toward the issues for resolution at trial; nevertheless, these allegations *do* carry substantial risks of prejudice to SCAD and, perhaps more importantly, of

wasting the Court's time at trial. For example, if Houeix is permitted to present allegations of fraudulent grading, SCAD will be forced to call numerous witnesses and present substantial evidence to rebut Houeix's unfounded allegations. This additional evidence would double or triple the anticipated length of trial. Furthermore, to permit Houeix to put on evidence related to its allegations of fraudulent grading would essentially permit Houeix to present claims for trial that the Court has already resolved.

These significant risks substantially outweigh any relevance Houeix could possibly contend the evidence has to the trial of SCAD's trademark claims. As such, Plaintiff further submits that argument and evidence in support of Defendant's allegations of fraudulent grading should be excluded at trial under Fed. R. Evid. 403.

### III.  CONCLUSION

For the foregoing reasons, SCAD respectfully requests that Defendant be precluded pursuant to Fed. R. Evid. 402 and 403 from admitting evidence or raising arguments at trial regarding his allegations of fraudulent grading, which are not properly at issue in this case.

- 6 -
ATL01/11734691v2

Respectfully submitted this 14th day of September, 2004.

        Respectfully submitted,


        s/*Stephen J. Butler*
        Stephen J. Butler, Esq.
        Bar. No. 0010401
        Theodore D. Lienesch, Esq.
        Bar. No. 0016542
        Thompson Hine LLP
        312 Walnut Street
        Cincinnati, Ohio 45202-4089
        Telephone: (513) 352-6700
        Facsimile: (513) 241-4771

        David J. Stewart, Esq.
        J. Patrick Elsevier, Esq.
        Alston & Bird, LLP
        1201 West Peachtree St.
        Atlanta, Georgia 30309-3424
        Telephone: (404) 881-7000
        Facsimile: (404) 881-7777

        David T. Croall
        Bar No. 0009149
        Rachel E. Burke
        Bar No. 0066863
        Adele E. O'Conner
        Bar No. 0023133
        Porter, Wright, Morris & Arthur LLP
        Suite 2200
        250 East Fifth Street
        Cincinnati, Ohio 45202-5117
        Telephone: (513) 381-4700
        Facsimile: (513) 421-0991

        Counsel for Plaintiff Savannah College Of Art and Design, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILIPPE HOUEIX, <br><br> Defendant. | CASE NO. C-1-02 490 <br><br> Magistrate Judge Hogan |

## CERTIFICATE OF SERVICE

This is to certify that this 14th day of September, 2004, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                             s/*Stephen J. Butler*