UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC., | : | CASE No. C-1-02-490 |
| Plaintiff, | : | Judge Beckwith |
| vs. | : | Magistrate Hogan |
| PHILIPPE HOUEIX, | : | DEFENDANTS RESPONSE TO PLAINTIFF'S MOTION FOR |
| Defendant. | : | SUMMARY JUDGMENT |

FILED
JAN 14 2003
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

## INTRODUCTION

Plaintiff, Savannah College of Art and Design, Inc., claims trademark rights in *SCAD* as used by Defendant, Philippe Houeix, at websites *scad.info* and *scad-and-us.info*. Defendant's websites comment on his involvement in Plaintiff's scheme to award a fraudulent master's degree. These websites are critical of Plaintiff's administration, but not its service. Defendant's websites do not solicit donations, do not sell products, services or ideologies. Their content shows that the sites are not sponsored or related to Plaintiff, or in competition with Plaintiff.

Plaintiff argues that the "initial interest confusion" presumption applies, to the domain name of *scad.info*, without analysis of the content of its web page. This severe form of "initial interest confusion" presumption conflicts with the First Amendment or "fair use". The majority view is that the "initial interest confusion" presumption may only apply after a content analysis of the offending website to determine if it sells competing products/services. Adoption of the "initial interest confusion" presumption not only disregards the freedom of expression of Defendant and the visitors to the sites, but also endangers the rights of the multiple users of the *scad* mark (in excess of 60) who include *scad* in their web addresses.

The *scad.info* link "For foreign students seeking information on US Colleges and Universities" accesses **one** page at *www.worldstudent.com/uk/mag/features/accreditation.shtml*. This single page has a summary of international accreditation and has a large heading-label: WORLD STUDENTS. The single page has small link boxes in the border, that clearly identify global schools, by name and/or trademark, and which vary every ten seconds or so. These boxes must be clicked to go to a global school's pages which do **not** advertise sale of competing services. The multiple copies of *worldstudent.com*, web pages (Pltf.'s Tab L) submitted by Plaintiff are misleading, they do not show the actual page that is linked to *scad.info*. (Attorney's Affidavit has true linked page at *www.worldstudent.com/uk/mag/features/accreditation.shtml*).

In excess of 60 websites incorporate *scad* into the domain name or website address. There are 39 state registered entities incorporating *SCAD* in the registered name. In Georgia there is one corporation registered as SCAD Oaks, Inc. Several states including Ohio and South Carolina have SCAD, Inc.. The South Carolina Association for the Deaf, Inc. is widely referred to as *SCAD*. (See DRA Web Library.) Its web page at *www.scadeaf.org* has a SCAD bookstore. Princeton uses *SCAD* at a website address. At Dartmouth for over fifty years SCAD has meant Skating Club At Dartmouth. The University of Texas at Dallas uses *scad* in a web address *scad.utdallas.edu*, for Systems and Control Archives at Dallas. Numerous websites deal with *Scad* as of a coastal fish that has commercial uses. The acronym SCAD in medicine means Short-Chain Acyl-CoA Dehydrogenation disorder. In extreme sports, Suspended Catch Air Device diving has several web addresses using *scad*. SCAD is better known as Simplified CAD, or Structure CAD, engineering applications software, several computer companies have *scad* web addresses. SCAD is claimed as a trademark by a Korean Corporation, with United States operation for a Smart Card Application Device. Seian College of Art and Design has been in existence much longer than Plaintiff and uses

3

*SCAD* as its trademark and in its web address. A trademark application is pending by Accordia Inc. for use of SCAD in computer related areas of use. The USPTO records having 19 *SCAD* records are submitted.

As for Top Level Domain Names (TLDN) *scad.com* connects to *southcarolina.com* a site about South Carolina. The website address *scad.org* connects to *smithcad.org*: for Smith County Appraisal District in Texas.

Submitted and verified website search engine results for *SCAD* show that Plaintiff's website is always the 1st, 2nd, or 3rd choice and that Defendant's website is typically the 25th to 60th choice and show the conspicuous descriptions of each website choice. A college bound student who guesses web addresses of colleges, knows to restrict the guess to the Top Level Domain Name (TLDN) of *edu*, since in excess of 99.5% of U. S. colleges and universities have their web sites located in *.edu* TLDN. An index of Defendant's evidence follows the certification of service.

## FIRST AMENDMENT - FAIR USE

First Amendment rights protecting expressive or communicative speech prevail over trademark rights, especially where the alleged infringer is not selling a product, service or ideology, and not soliciting donations. See *Northland Ins. Cos. v. Blaylock*, 115 F. Supp. 2d 1108, 1122 (D. Minn. 2000), which deals with a trade mark in a domain name for a consumer commentary site critical of the owner of the mark. "[T]rademark rights do not entitle the owner to quash an unauthorized use of the mark by another who is communicating ideas or expressing points of view. *L.L. Bean, Inc.* v. *Drake Publishers, Inc.*, 811 F.2d 26, 29 (1st Cir. 1987). Noncommercial use, fair use or artistic use prevails over trademark claims. See *AFLAC v. Hagan*, 2002 U. S. Dist. LEXIS 23908 (ND Ohio 2002), (political speech); *United Entertainment v. United Paperworkers Intn'l Union*, 997 F. Supp. 946 (MD Tenn 1998),(labor union pamphlet); *Mattel, Inc. v. MCA Records,*

4