**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SAVANNAH COLLEGE OF ART AND DESIGN, INC.,** | : : | |
| Plaintiff, | : : | **CASE No.   C-1-02-490** |
| vs. | : : | |
| **PHILIPPE HOUEIX,** | : : | Magistrate Hogan |
| Defendant. | : : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING ALLEGATIONS OF FRAUDULENT GRADING**

Plaintiff seeks to exclude a broad category of evidence regarding its fraudulent awarding of grades to Defendant. The primary purpose of Houeix's web site is to narrate his experience in this scheme. Numerous pages in his web site present substantiating documents. Other pages present: information about accreditation of international schools, forums that discuss the college, e-mails sent to the web site concerning the college, and a magazine article about the college's confrontations. A web page comments upon the reporting of crime statistics at the college.

Fed R. Evid. 401 defines "Relevant Evidence" as evidence having any tendency to make the existence of any face that is of consequences to the determination of the action more probable or less probably than it would be without the evidence." Fed. R. Evid. 401 is liberally applied. The district court is not permitted to consider the weight or sufficiency of the evidence in determining relevancy

1

and "even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has even the slightest probative worth".[1]

Information on Houeix's web site is truthful and relevant to several elements of proof in this matter. These pages are non-prejudicial to Plaintiff's case. Every exhibit taken from the web site is relevant to refuting elements under the trademark infringement claim, 15 U.S.C. §1125(a). The entire content of the web site must be available for inspection to establish that the mark was not used "in connection with the sale, offering for sale, distribution, or advertising" of goods or services or solicitations for donations. The element of consumer confusion about the college's affiliation or sponsorship of any services or goods on the web site is refuted by the content of the web site. The grading scheme narrative and the substantiating documents are relevant to show that no goods or services are being sold by the narrative or documents and that Houeix is not deriving a benefit or trading on the school's mark.

Each exhibit taken from the web site and Houeix's grading scheme narrative are relevant to refuting elements of the trademark dilution claim, 15 U.S.C. §1125(c). All web pages are relevant to the element of "commercial use in commerce", and to dilution of the mark. The *Nabisco* factors[2] are used to analyze dilution. The content of web pages and narrative evidence that the pages are not associated with the sale of goods or services. They are relevant to showing that design students will not be confused by the web page content.

---

[1] *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992); *Robinson v. Runyon*, 149 F.3d 507 (6th Cir 1998).

[2] 191 F.3d 208, 217

Dilution claims are not actionable for the non-commercial use of a mark[3], and for news commentary.[4] The web pages and narrative prove these defenses; consequently they are relevant.

Cyberpiracy Prevention, 15 U.S.C. §1125(d), has the key element of proof of "bad faith intent to profit" from a mark. Subsection (d) has seven factors that may be used in the determination of "bad faith intent to profit". An important factor is Houeix's use of the mark which is requires a review of the content of his web site. The factor at 15 U.S.C. §1125(d)(1)(B)(i)(IV) "bona fide noncommercial or fair use of the mark in a site accessible under the domain name" implies that the content of the web pages must be examined. The content includes the grading scheme narrative and the corroborating documents. Furthermore the narrative and corroborating documents are relevant to establishing the defense under 15 U.S.C. §1125(d)(1)(B)(ii) that the "person believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful."

Fed. R. Evid. 403 may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In determining if this rule applies, the challenged evidence is viewed in the light most favorable to its proponent giving the evidence its maximum probative force and its minimum reasonable prejudicial value.[5]

---

[3] 15 U.S.C. §1125(c)(4)(B)

[4] 15 U.S.C. §1125(c)(4)(C)

[5] *United States v. Thomas*, 74 F.3d 701, 714 (6th Cir. 1996)*; see also Sutkiewicz v. Monroe County Sheriff,* 110 F.3d 352, 360 (6th Cir. 1997); *Laney v. Celotex Corp.,* 901 F.2d 1319, 1320-21 (6th Cir. 1990); *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988). *Laney v. Celotex Corp.*, 901 F.2d 1319, 1320-21 (6th Cir. 1990). *Smith v. Toyota Motor Corp.*,

Orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise.[6]

This matter is being tried to the court. Consequently, confusion of issues and undue prejudice is unlikely. Plaintiff's strategy will be to present web pages that are not linked to Defendant's website to establish commercial use. Yet Plaintiff seeks to exclude information on Defendant's web site, itself, which shows that the site is non-commercial and commentary.

Additional documentary evidence to corroborate Houeix's narrative will consist of e-mails regarding grade changes and the grade change forms. These documents will show that there is no bad faith intent to profit under the cyberpiracy claim. These documents show the reasonableness of Houeix's belief that exposing the college was his legal right.

The entire web site must be examined to show that no goods or services are offered for sale, and no donations sought. A thorough examination is required to show that a consumer would not be confused to believe that the Plaintiff sponsored or was affiliated with the site.

There is no prejudice to the college.

Respectfully submitted,

/s/ John A.. Rebel
John A. Rebel (0031771)
Attorney for Defendant
McKinney & Namei
15 E. 8th St.
Cincinnati, Ohio 45202

---

2004 U.S. App. LEXIS 14892 (6th Cir., 2004).

[6] *Olin-Mathieson Chemical Corp. v. Allis-Chalmers Manufacturing Co.*, 438 F.2d 833 (6th Cir. 1971). *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir., 1975)

(513) 721-0200, Fax: 513- 632-5898

**Certification of Service**

The foregoing was served electronically on plaintiff's attorneys of record, on this 23${}^{rd}$ day of September, 2004 .

/s/ John A.. Rebel
John A. Rebel (0031771)

Attorney for Defendant