IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>PHILIPPE HOUEIX,<br><br>   Defendant. | CASE NO. C-1-02 490<br><br>Magistrate Judge Hogan |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO
EXCLUDE EVIDENCE AND ARGUMENTS REGARDING
ALLEGATIONS OF FRAUDULENT GRADING**

### I. INTRODUCTION

Plaintiff Savannah College of Art and Design, Inc. ("SCAD") agrees after reviewing the response brief of Defendant Philippe Houeix ("Houeix") that Houeix should be permitted to show the *content* of his website at trial, including the allegations on fraudulent grading. However, SCAD continues its motion with regard to any attempt by Houeix to introduce at trial any other evidence or testimony regarding these allegations on the grounds that such proof would be utterly irrelevant, highly prejudicial, and would add substantial unnecessary time to the trial of this case.

### II. ARGUMENT AND AUTHORITY

As SCAD stated in its opening brief, it has reason to believe that Houeix intends to use the trial of this case as a pulpit to attempt to prove that his "fraudulent grading" allegations are

- 2 -

true (which they are not).[1]  Whether those allegations are true or false is irrelevant with regard to any claim that remains in this case.

The only remaining claims are SCAD's claims of trademark infringement, trademark dilution and domain name cyberpiracy.  Whether SCAD did nor did not issue false grades to Houeix is no more or less likely to make Houeix liable to SCAD on any of these claims.  In other words, even if SCAD did issue false grades to Houeix (which it did not), that does not give Houeix a license to use SCAD's famous SCAD mark to lure students and prospective students to his website by mistake.  Conversely, if SCAD issued valid grades to Houeix for work legitimately done (which it did), that in no may makes Houeix any more or less liable for trademark infringement.  In short, the issues are apples and oranges.  One has nothing to do with the other.

Houeix's grading claims are no more relevant to the issues that remain in this case than are claims SCAD could make that Houeix fraudulently induced SCAD to hire him by mischaracterizing the nature of his educational background.  SCAD does not intend to address this allegation at trial because it would plainly have no relevance other than to unfairly prejudice Houeix in the eyes of the Court.  The same is equally true with regard to any proof Houeix might attempt to put on that his "fraudulent grading" claims are true or false.  Such evidence would not make any fact of consequence to the asserted issues "more probable or less probable than it would be without the evidence," Fed. R. Evid. 401.  Thus, contrary to Houeix's arguments, this evidence is not admissible even under the liberal admissibility standard of Rule 401.

---

[1] This expectation is founded in part on Houeix's statement in the Joint Pretrial Statement that it has not yet received from SCAD a copy of the report it submitted to the Southern Association of Colleges and Schools ("SACS") in response to a complaint Houeix filed with SACS about SCAD.  The only conceivable relevance of SCAD's submission (or of SACS' written decision not to pursue Houeix's claim) is if Houeix intends to try to use the trial of this case as a forum to try whether he is right or wrong on his allegations.

- 2 -

- 3 -

The evidence is also properly excluded under Rule 403 because any conceivable probative value the evidence could have is substantially outweighed by the very real risk of prejudice and delay that introduction of the evidence would cause.  Trying the truth or falsity of Houeix's claims will likely require the testimony of several additional witnesses, the introduction of substantial additional documentary evidence, and the need to extend the trial by a day or more. SCAD therefore submits that the Court should draw a bright line by disallowing Houeix from introducing any evidence regarding his "fraudulent grading" claims other than to show what content is on his website.

Respectfully submitted, this 1st day of October, 2004.

/s/ Stephen J. Butler
Stephen J. Butler, Esq.
Bar. No. 0010401
Theodore D. Lienesch, Esq.
Bar. No. 0016542
Thompson Hine LLP
312 Walnut Street
Cincinnati, Ohio 45202-4089
Telephone:  (513) 352-6700
Facsimile:  (513) 241-4771

David J. Stewart, Esq.
J. Patrick Elsevier, Esq.
Alston & Bird, LLP
1201 West Peachtree St.
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Counsel for Plaintiff Savannah College Of Art and Design, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILIPPE HOUEIX,<br><br>　　　　Defendant. | CASE NO. C-1-02 490<br><br>Magistrate Judge Hogan |

## CERTIFICATE OF SERVICE

　　This is to certify that the foregoing PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING ALLEGATIONS OF FRAUDULENT GRADING was served upon Defendant Philippe Houeix by causing a true and correct copy thereof to be electronically transmitted via the Court's electronic filing system and sent by ordinary U.S. mail, postage prepaid, to Defendant's attorney of record as follows:

　　　　John A. Rebel
　　　　McKinney & Namei
　　　　15 E. 8th St.
　　　　Cincinnati, Ohio 45202

　　This 1st day of October, 2004.

　　　　　　　　　　　　　　　　　　　　/s/ Stephen J. Butler