IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILIPPE HOUEIX, <br><br> Defendant. | CASE NO. C-1-02 490 <br><br> Magistrate Judge Hogan |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING THIRD PARTY USES OF THE SCAD MARK IN UNRELATED FIELDS AND MEMORANDUM IN SUPPORT THEREOF**

**INTRODUCTION**

Plaintiff Savannah College of Art and Design, Inc. ("SCAD") has moved the Court for an Order precluding Defendant Philippe Houeix ("Houeix") from admitting certain evidence of alleged third party use of the SCAD mark that are outside of the field of educational services in the United States.

In Opposition, Houeix admits that such alleged evidence of third party use is not relevant to SCAD's trademark infringement claims, but contends that it is relevant to SCAD's dilution claim. Houiex's assertion with respect to the dilution claim is not valid however because the case law is clear that the dilution statute applies equally to situations where a mark's fame is limited to a particular geographical or field of use. Here, SCAD is not asserting that its mark is universally famous; rather, SCAD's dilution claim is limited to the field of educational services within the United States. Therefore, Houeix's alleged examples of third party use of the SCAD

- 2 -

trademark that are not within the educational services field in the United States are not relevant to any claims or defenses in this case. Because offering such evidence on both sides of each third party use cited by Houeix would needlessly extend the length of the trial, and for the additional reasons set forth in SCAD's opening brief, Houeix should be precluded pursuant to Fed. R. Evid. 402 and 403 from admitting such evidence or raising arguments regarding such evidence at trial.

### ARGUMENT

In its opening brief, SCAD cites numerous cases for the black letter rule that proposed evidence of third-party use is not relevant unless it shows that the mark is currently being used in the particular field of use at issue. *See, e.g.*, *Midwest Guaranty Bank v. Guaranty Bank*, 270 F.Supp.2d 900, 912 (E.D. Mich. 2003) (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 281 (6th Cir. 1997)); *Nat'l Cable Television Assoc., Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1579-80 (Fed. Cir. 1991) (third-party uses do not reduce the strength of a mark if they "are [not] nearly as closely related to the activities of the parties as the virtually identical uses of [the marks by] the parties are to each other"); *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 614 (7th Cir. 1965) ("The fact that the word 'americana' is used in connection with numerous other businesses, enterprises and products is irrelevant. Uses of the name outside the hotel field could not possibly cause confusion with plaintiffs' mark"). Houeix does not dispute the holdings of these cases in his opposition brief. Rather, Houeix merely argues that these cases only apply to SCAD's trademark infringement claim and that they do not apply to SCAD's dilution claim.[1] Houeix, therefore, admits that its purported evidence of third party use is not relevant to SCAD's infringement claim.

---

[1] As an initial matter, Houeix's assertion that the cases cited by SCAD are strictly infringement cases without any consideration of a dilution remedy is incorrect. The *Ameritech, Inc. v. Am. Information Techs. Corp.* decision, one

- 2 -

ATL01/11758433v1

- 3 -

Moreover, Houiex's assertion with respect to the dilution claim is not valid because the dilution statute applies equally to situations where a mark's fame is limited to a particular geographical or field of use. *See, e.g., Ameritech, Inc. v. Am. Information Techs. Corp.*, 811 F.2d 960, 965 (6th Cir. 1987) ("Plaintiff's trademark need not be nationally famous, however, for a mark that is strong in a particular geographical of product area also deserves protection."); *Playboy Enter., Inc. v. Netscape Communications, Corp.*, 354 F.3d 1020, (9th Cir. 2004) (evidence of third party uses that were "in different fields or in localized areas should not be counted, at least not when considering whether [plaintiff's] marks are famous within their market.").

Because SCAD is only asserting that its mark is famous in the field of educational services in the United States, alleged evidence of third party use outside of this field is not relevant to the fame of the mark within this field. *Playboy Enter., Inc. v. Netscape Communications, Corp.*, 354 F.3d 1020, (9th Cir. 2004) (evidence of third party uses that were "in different fields or in localized areas should not be counted, at least not when considering whether [plaintiff's] marks are famous within their market."); *see also Ameritech, Inc. v. Am. Information Techs. Corp.*, 811 F.2d at 966-67 (6th Cir. 1987)(overruling district court's decision that mark is weak where the district court's decision was based on evidence of other businesses use of the name in different fields).

Houiex's assertion that there are reported decisions that consider third party non-competing and unrelated uses in the dilution context is not relevant to the present case. The

---

of the cases cited by SCAD in its opening brief, specifically addresses the issues of alleged third-party uses with respect to a dilution claim. *See Ameritech, Inc. v. Am. Information Techs. Corp.*, 811 F.2d 960, 965, 966-67 (6th Cir. 1987) ("Dilution occurs when the senior user possesses a distinctive mark, the junior user of which might not, in the short run, result in a loss of sales or loss of control over reputation, but might cause a gradual diminution in the mark's distinctiveness, effectiveness and, hence, value." . . . "A mark may be weak in a national market, but might still be strong in the senior user's geographical and product area and thus deserving of protection.")

court in *Avery Dennison Corp. v. Sumpton*, the one case cited by Houeix in support of his position, specifically distinguished its holding from situations like the present case, where a party is only claiming fame in a specialized market segment. *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 877-878 (9th Cir. 1999). There, the court recognized that specialized fame is protectable under the dilution act "if the 'diluting uses are directed at the same market segment,'" but held that the case at hand was distinguishable because there the plaintiff and defendant were targeting separate audiences. *Id.* at 878. Here, unlike the situation in *Avery Dennison*, it is undisputed that Houeix chose the SCAD Mark to specifically target current and potential students and faculty of SCAD. Accordingly, the *Avery Dennison* decision is not relevant to the present case.

SCAD's opening brief on this motion was filed before SCAD had the opportunity to review all of the documents that Houeix intends to offer as evidence at trial as set forth in the Final Pretrial Statement. Now that SCAD has had an opportunity to review these documents, it is clear that Houeix's proposed evidence of third party use may be grouped into two general categories: (1) printouts of various web pages that allegedly incorporate the SCAD mark into the web pages address (*See* Defendant's Exhibit D-22); (2) printouts of computer searches of various web sites for state business name registrations (*See* Defendant's Exhibit D-23). With the possible exception of two of the web pages in Exhibit D-22, none of the web pages at issue potentially relate to the field of educational services in the United States and should be excluded from being admitted as evidence.[2] With respect to Houeix's Exhibit D-23, none of the alleged evidence therein is relevant to the field of educational services in the United States and, therefore, this entire exhibit should be excluded from being admitted as evidence.

---

[2] Houeix's alleged evidence relating to the web pages at www.scadskater.org and www.princeton.edu/scad are excluded from this motion. Although, SCAD believes these web pages do not weaken the SCAD mark, SCAD reserves its right to address the admissibility and weight of these pages at trial.

- 4 -

## CONCLUSION

For the foregoing reasons, SCAD respectfully requests that Houeix be precluded, pursuant to Fed. R. Evid. 402 and 403, from admitting evidence or raising arguments regarding alleged third party uses of the mark SCAD that are not in the educational services field within the United States.

Respectfully submitted this 1st day of October 2004.

/s/ Stephen J. Butler
Stephen J. Butler, Esq.
Bar. No. 0010401
Theodore D. Lienesch, Esq.
Bar. No. 0016542
Thompson Hine LLP
312 Walnut Street
Cincinnati, Ohio 45202-4089
Telephone: (513) 352-6700
Facsimile: (513) 241-4771

David J. Stewart, Esq.
J. Patrick Elsevier, Esq.
Alston & Bird, LLP
1201 West Peachtree St.
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

David T. Croall
Bar No. 0009149
Rachel E. Burke
Bar No. 0066863
Adele E. O'Conner
Bar No. 0023133
Porter, Wright, Morris & Arthur LLP
Suite 2200
250 East Fifth Street
Cincinnati, Ohio 45202-5117
Telephone: (513) 381-4700
Facsimile: (513) 421-0991

Counsel for Plaintiff Savannah College Of Art and Design, Inc.

- 6 -

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>PHILIPPE HOUEIX,<br><br>      Defendant. | CASE NO. C-1-02 490<br><br>Magistrate Judge Hogan |

**CERTIFICATE OF SERVICE**

      This is to certify that the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING THIRD PARTY USES OF THE SCAD MARK IN UNRELATED FIELDS AND MEMORANDUM IN SUPPORT THEREOF was served upon Defendant Philippe Houeix by causing a true and correct copy thereof to be electronically transmitted via the Court's electronic filing system and sent by ordinary U.S. mail, postage prepaid, to Defendant's attorney of record as follows:

      John A. Rebel
      McKinney & Namei
      15 E. 8th St.
      Cincinnati, Ohio 45202

      This 1st day of October 2004.

                                                        /s/ Stephen J. Butler