UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAVANNAH COLLEGE OF ART
AND DESIGN, INC.,
       Plaintiff,                                    Civil Action No. 1:02-cv-490

      vs.

PHILIPPE HOUEIX,                             **ORDER**
       Defendant.                                 (Hogan, M.J.)

This matter is before the Court on plaintiff's motions in limine (Docs. 43, 44), and defendant's response thereto. (Docs. 45, 46).

Plaintiff's first motion in limine seeks to exclude evidence and arguments by defendant regarding allegations of fraudulent grading, that is, that he was issued grades by plaintiff for classes that he did not attend. These allegations were raised in defendant's counterclaim, and the Court has granted summary judgment to plaintiff on defendant's counterclaims. Plaintiff argues allegations of fraudulent grading are not relevant to the trademark-related issues to be tried, and would potentially prejudice plaintiff and waste judicial resources if permitted. Defendant contends that the allegations concerning fraudulent grading are included in his web site, www.scad.info, and are relevant to his defense to plaintiff's trademark infringement, dilution, and cyberpiracy claims.

Plaintiff's second motion in limine seeks to exclude evidence and arguments regarding third party uses of the SCAD mark in unrelated fields. Plaintiff contends that defendant intends to introduce evidence concerning third party use of the "scad" acronym in identifying a variety of goods and services as it relates to the issue of the strength of plaintiff's mark for purposes of determining the mark's distinctiveness and the likelihood of confusion on the infringement and

unfair competition claims. Plaintiff contends that none of the examples posited by defendant are in the educational services field and therefore not relevant to any claims or defenses in this action. Defendant argues such evidence is relevant to the trademark dilution claim, to the extent the Court may consider the nature and extent of use of the same or similar marks by third parties in determining whether a mark is distinctive and famous. *See* 15 U.S.C. § 1125(c)(1)(G).

This case will proceed to trial on four claims: (1) trademark infringement; (2) unfair competition; (3) trademark dilution; and (4) cyberpiracy. Savannah College's claims arise from defendant Houeix's use of the "SCAD" mark in domain form as the address for an Internet web site located at the URL <www.scad.info>.

To establish its claim for trademark infringement and unfair competition, plaintiff must prove that defendant's use of the disputed mark creates a likelihood of confusion among consumers regarding the origin of the goods or services offered by the parties. *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 791-792 (6th Cir. 2004), citing *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997); *see also Bird v. Parsons*, 289 F.3d 865, 877 (6th Cir. 2002); *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1116, 1123 (6th Cir. 1996). The Court must analyze and balance the following eight factors in determining the likelihood of confusion: (1) the strength of the plaintiff's mark, (2) the relatedness of the goods or services offered by the plaintiff and the defendant, (3) the similarity of the marks, (4) any evidence of actual confusion, (5) the marketing channels used by the parties, (6) the probable degree of purchaser care and sophistication, (7) the defendant's intent in selecting its mark, and (8) the likelihood of either party expanding its product line using the marks. *AutoZone*, 373 F.3d at 792-93, citing *Frisch's Rests., Inc. v. Elby's Big Boy of*

*Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982).

To establish its claim for trademark dilution under 15 U.S.C. § 1125(c), plaintiff must show that its mark (SCAD) is (1) famous; and (2) distinctive, and that defendant's use of the mark is (3) in commerce; (4) subsequent to plaintiff's mark becoming famous; and (5) causing actual dilution of the distinctive quality of plaintiff's mark. *AutoZone*, 373 F.3d at 802.

To establish its cyberpiracy claim under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d)(1)(A), plaintiff must show (1) defendant has a bad faith intent to profit from that mark; and (2) registers or uses a name that is identical to, confusingly similar to, or dilutive of that mark. "In order for liability to attach under the ACPA a court must conclude that the defendant's actions constitute 'bad faith.'" *Lucas Nursery and Landscaping, Inc. v. Grosse*, 359 F.3d 806, 809 (6th Cir. 2004). In connection with this inquiry, the Court considers, among others, the nine factors listed in the ACPA. *Id*.

Plaintiff's first motion in limine is denied. In its reply memorandum (Doc. 49), plaintiff now agrees that defendant should be permitted to show the content of his web site at trial, including the allegations of fraudulent grading. Plaintiff, however, seeks to exclude any other evidence or testimony regarding these allegations arguing that such proof would be irrelevant, highly prejudicial, and waste judicial resources. The ACPA requires defendant's actions amount to a "bad faith intent to profit." *Lucas Nursery*, 359 F.3d at 809. Of the pertinent factors to be considered by the Court in analyzing the issue of bad faith is whether the defendant had a "bona fide noncommercial or fair use of the mark." 15 U.S.C. § 1125(d)(1)(B)(i)(IV). This factor is viewed in conjunction with the "safe harbor" provision of the ACPA which provides that bad faith intent shall "not be found in any case in which the court determines that the person believed

and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful." 15 U.S.C. § 1125(d)(1)(B)(ii).  In this respect, the motive of the defendant in registering and using the disputed domain name is relevant. *Lucas Nursery*, 359 F.3d at 810-11; *Mayflower Transit, LLC v. Prince*, 314 F. Supp.2d 362, 369 (D.N.J. 2004).  To the extent defendant seeks to introduce evidence showing his web site and the information contained therein is intended to be a critical commentary on his experiences as a former employee and student of the plaintiff, such evidence is relevant to the bad-faith inquiry under the ACPA for the cyberpiracy claim.  *See* H.R. Rep. 106-412, 10 (bad-faith factors were intended to "balance the property interests of trademark owners with the legitimate interests of Internet users and others who seek to make lawful uses of others' marks, including for purposes such as comparative advertising, *comment, criticism*, parody, news reporting, fair use etc." (emphasis added);  S. Rep. 106-40, 9 ("[N]oncommercial uses of a mark, such as for comment, criticism, parody, news reporting, etc. . . . are beyond the scope of the bill's prohibitions." (emphasis added).  This does not mean that the Court will engage in a mini-trial over whether plaintiff in fact engaged in any allegedly fraudulent grading scheme.  While defendant will be permitted to introduce evidence showing his motive for registering and using the disputed domain name, the Court shall determine the limits thereon at the trial of this matter.  Thus, plaintiff's first motion in limine is denied.

Plaintiff's second motion in limine is also denied.  A review of the cases cited by plaintiff in support of the motion, *see, e.g., Midwest Guaranty Bank v. Guaranty Bank*, 270 F. Supp.2d 900, 912 (E.D. Mich. 2003), quoting *Daddy's Junky Music*, 109 F.3d at 281, and other cases cited in Doc. 44, indicates that third party use in the pertinent industry and geographic location

goes to the weight, and not admissibility, of such evidence. The Sixth Circuit has found that "extensive third-party uses of a trademark . . . substantially weaken[s] the strength of a mark." *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1108 (6th Cir. 1991). This evidence is relevant and shall be permitted.

    **IT IS SO ORDERED**.


Date: 10/4/2004                                  s/Timothy S. Hogan
                                                                      Timothy S. Hogan
                                                                     United States Magistrate Judge