IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>PHILIPPE HOUEIX,<br><br>       Defendant. | CASE NO. C-1-02 490<br><br>Magistrate Judge Hogan |

**PLAINTIFF'S BENCH MEMORANDUM IN SUPPORT OF THE
ADMISSIBILITY OF PLAINTIFF'S EXHIBIT 51**

### I.    INTRODUCTION

Plaintiff Savannah College of Art and Design, Inc. ("SCAD") seeks admission of a third party e-mail, Plaintiff's Exhibit 51, as evidence of actual confusion in support of SCAD's trademark infringement claim. The focus of the document from a confusion standpoint is the statement:

"I went to the scad home page…."

Established outside of the document through the testimony of Brian Murphy is that the e-mail sender, a SCAD aluma, did not go to the SCAD website but actually went to the SCAD.INFO web site. SCAD respectfully submits that the foregoing statement by the e-mail sender is probative of the declarant's confusion and is properly admissible as falling outside the definition of hearsay or as a hearsay exception.

## II.    ARGUMENT AND AUTHORITY

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). In the context of determining likelihood of confusion, courts have recognized that statements probative of the declarant's confusion and not offered to prove the truth of the matter asserted present "no hearsay problem." Fun-Damental Too, Ltd. v. Gemmy Ind. Corp., 111 F.3d 993, 1003 (2nd Cir. 1997); *see also* Armco, Inc. v. Armco Burglar Alarm Co., 693 F.2d 1155, 1160 (5th Cir. 1982). In this case, Plaintiff is not offering the statement to prove the truth of the matter asserted, i.e., that the alumna actually went to the SCAD website. To the contrary, the uncontroverted evidence is that the alumna did *not* go to the SCAD web site, and that is why SCAD seeks to introduce the e-mail. The testimony is therefore not being introduced for the truth of the matter asserted but to evidence confusion by the declarant as to what website she believed she was at when she went to the SCAD.INFO website.

Even if the statement is deemed hearsay, it is admissible as a hearsay exception. Federal Rule of Evidence 803(3) allows statements, otherwise excluded as hearsay, to be received to show the declarant's then-existing state of mind. *See* Fun-Damental, 111 F.3d at 1003-04. In determining the admissibility of actual confusion evidence, this exception has been recognized in several circuits including the Second Circuit, the Fifth Circuit, the Seventh Circuit and the Tenth Circuit. *See, e.g.*, Id.; Armco, 693 F.2d at 1160; International Kennel Club of Chicago, Inc. v. Mighty Star, Inc., 846 F.2d 1079, 1090 (7th Cir. 1988); Jordache Enterprises, Inc. v. Hogg Wyld, Ltd., 828 F.2d 1482, 1487 (10th Cir. 1987). As noted above, the e-mail statement is offered to show the declarant's

intent to access SCAD's homepage and is evidence of confusion in the mind of the declarant. Thus, if deemed hearsay, SCAD submits that the statement is nevertheless admissible as a hearsay exception. Indeed, SCAD submits that in the context of a lawsuit about confusion as to the source of a web site, it is difficult to imagine a document that could merely clearly identify confusion as to source than this alumna e-mail. SCAD therefore respectfully requests that Plaintiff's Exhibit 51 be admitted into evidence.

Respectfully submitted, this 7th day of October, 2004.

/s/ Stephen J. Butler
Stephen J. Butler, Esq.
Bar. No. 0010401
Theodore D. Lienesch, Esq.
Bar. No. 0016542
Thompson Hine LLP
312 Walnut Street
Cincinnati, Ohio 45202-4089
Telephone: (513) 352-6700
Facsimile: (513) 241-4771

David J. Stewart, Esq.
J. Patrick Elsevier, Esq.
Alston & Bird, LLP
1201 West Peachtree St.
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Counsel for Plaintiff Savannah College Of Art and Design, Inc.

504759

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILIPPE HOUEIX, <br><br> Defendant. | CASE NO. C-1-02 490 <br><br> Magistrate Judge Hogan |

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    John A. Rebel
    McKinney & Namei
    15 E. 8th St.
    Cincinnati, Ohio 45202

This 7th day of October 2004.

                                                       /s/ Stephen J. Butler