UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAVANNAH COLLEGE OF ART
AND DESIGN, INC.,
        Plaintiff,                          Civil Action No. 1:02-cv-490

      vs.

PHILIPPE HOUEIX,                        **ORDER**
        Defendant.                          (Hogan, M.J.)

      This matter is before the Court on plaintiff's bench memorandum in support of the admissibility of Plaintiff's Exhibit 51 (Doc. 59), which the Court construes as a motion for reconsideration of the Court's ruling at trial finding Exhibit 51 inadmissible hearsay evidence. Defendant opposes the motion. (Doc. 62).

      Plaintiff's Exhibit 51 is purportedly a copy of an email from a Savannah College alumna to Mrs. Nancy Tanenberg, an employee of Savannah College, which states in pertinent part:

> I am so crushed right now, I went to the scad home page and I got this totally odd webpage which is heartbreaking if it is true. I am so confused since I have loved my 4 years there. . . . If you can please tell me what is going on if not I'll understand. . . .

(Plaintiff's trial Exhibit 51). Plaintiff seeks the admission of this document as evidence of actual confusion in support of Savannah College's trademark infringement claim. Plaintiff contends the focus of the document from a confusion standpoint is the statement, "I went to the scad home page. . . ." At the trial of this matter, Brian Murphy, the Executive Vice President of SCAD Group, Inc, and the Treasurer of the Savannah College of Art and Design, testified that the email sender was a Savannah College alumna who did not go to the SCAD website but actually went to defendant's SCAD.INFO web site. Plaintiff argues that the statement, "I went to the scad home page" is probative of the declarant's confusion and is properly admissible as falling outside the

definition of hearsay or as a hearsay exception.

The Court finds plaintiff's motion well-taken. The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). To the extent plaintiff relies on the statement "I went to the scad homepage" contained within Plaintiff's Exhibit 51, such statement is not hearsay because plaintiff is not offering the statement to prove the truth of the matter asserted, i.e., that the alumna "went to the scad homepage" but rather to demonstrate that the statement was actually made and therefore probative of the declarant's confusion over the source of defendant's website. *See Midwest Guaranty Bank v. Guaranty Bank*, 270 F. Supp.2d 900, 916-917 (E.D. Mich. 2003), and cases cited therein. Moreover, even assuming the statement is deemed to be hearsay under Fed. R. Evid. 801(c), the statement may be admitted to show the declarant's then-existing state of mind of confusion. *Id.*, citing Fed. R. Evid. 803(3). While the Sixth Circuit has not addressed this precise issue, the Court of Appeals has recognized that only one circuit–the Eighth Circuit–has disagreed with this conclusion. *See Marketing Displays, Inc. v. TrafFix Devices, Inc.,* 200 F.3d 929, 935 n. 1 (6th Cir. 1999), *rev'd on other grounds*, 532 U.S. 23 (2001). Therefore, the Court **GRANTS** plaintiff's motion and shall admit Plaintiff's Exhibit 51.

In determining the weight to be afforded this exhibit, the Court examines the context in which the statement of the declarant was made. Plaintiff's Exhibit 51 states, "I went to the scad home page and I got this totally odd webpage which is heartbreaking if it is true. I am so confused since I have loved my 4 years there. . . ." Read in context, it appears that the source of the declarant's confusion was not the defendant's use of the scad mark in his website, but rather

the content of the message posted on defendant's website which was apparently contrary to the alumna's experience at Savannah College and her beliefs about the school's integrity.

Even if the source of the declarant's confusion was defendant's use of the mark in his website, this evidence of actual confusion is entitled to little weight. A single, brief instance of actual confusion is much less probative when measured in the context of the number of "hits" or page requests for the official SCAD.edu website. *See Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1110 (6th Cir. 1991)(noting that "the existence of only a handful of instances of actual confusion after a significant time or a significant degree of concurrent sales under the respective marks may even lead to an inference than no likelihood of confusion exists"). Mr. Murphy testified there have been over 260 million "hits" or page requests for the SCAD.edu webpage seeking information on Savannah College. Evidence of a single, confused alumna provides only weak support for a finding of a likelihood of confusion. *Id. See also Therma-Scan, Inc. v. Thermoscan, Inc.,* 295 F.3d 623, 635-36 (6th Cir. 2002). Thus, while the Court admits Plaintiff's Exhibit 51, the Court determines it is entitled to little weight on the issue of likelihood of confusion.

**IT IS SO ORDERED**.


Date:  10/14/2004                    s/Timothy S. Hogan
                                     Timothy S. Hogan
                                     United States Magistrate Judge