UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SAVANNAH COLLEGE OF ART AND DESIGN, INC., | : : | |
| Plaintiff, | : : | CASE No.   C-1-02-490 |
| vs. | : : | |
| PHILIPPE HOUEIX, | : : | Magistrate Judge Hogan |
| Defendant. | : : : | DEFENDANT'S MOTION FOR AWARD OF ATTORNEY FEES, SUPPORTING MEMORANDUM & AFFIDAVIT |

Defendant by his undersigned attorney moves for an award, of reasonable attorney fees, under 15 U.S.C. 1117 and Civil Rule 54. Judgment was entered in Plaintiff's favor on December 21, 2004. The lawsuit brought by Plaintiff is oppressive to Defendant. The case is an exceptional one. Defendant is the prevailing party. Defendant's attorney's affidavit certifying the time spent on the four Lanham Act claims, in this matter, is attached hereto.

                    Respectfully submitted,

                     /s/ John A. Rebel
                    John A. Rebel (0031771)
                    Attorney for Defendant
                    McKinney & Namei
                    15 E. 8th St.
                    Cincinnati, Ohio 45202
                    (513) 721-0200, Fax: 513- 632-5898

**SUPPORTING MEMORANDUM**

The Lanham Act, 15 U.S.C. § 1117(a) provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party". The statute does not define "exceptional." The Sixth Circuit recently held that an "exceptional" case brought by plaintiff is one that can fairly be described as oppressive, *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724,728 (6thj Cir. 2003). Additionally, in *Eagles,* the Court held that "where a plaintiff sues under a colorable, yet ultimately losing, argument, an award of attorney's fees is inappropriate" citing *American Council of Certified Podiatric Physicians & Surgeons v. American Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 625 (6th Cir. 1999). The Court discussed definitions of "exceptional" used in other circuits:

> "*Ale House Management, Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 144 (4th Cir. 2000) ("Relevant factors include 'economic coercion,' 'groundless arguments,' and failure to cite controlling law."); *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 555 (8th Cir. 1996) ("When a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it is exceptional, and the district court may award attorney's fees to the defendant."), we believe that the "oppressive" standard first followed in *Balance Dynamics* most closely follows the statute. Awarding attorney's fees to a prevailing defendant is meant to "provide protection against unfounded suits brought by trademark owners for harassment and the like." S. Rep. No. 93-1400 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7136. The test requires an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation. *See S Indus. v. Centra 2000,* Inc., 249 F.3d 625, 627 (7th Cir. 2001) ("A suit is oppressive if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit."); *National Ass'n of Prof'l Baseball Leagues*, 223 F.3d at 1146-47 ("No one factor is determinative, and an infringement suit could be 'exceptional' for a prevailing defendant because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well.")" at 356 F.3d 728, 729.

In *Eagles,* the Court held that imposing a clear and convincing burden of proof was contrary to the statute, at 356 F.3d 729. It was indicated that something less than bad faith was required for

an award of fees to defendant's attorney, *Id*.

By implication the Sixth Circuit in *Kellogg Co. v. Toucan Golf, Inc.*, 337 F.3d 616,630 (6th Cir. 2003) a disparity in economic strength of the parties, along with a merciless infringement claim may warrant sanctions for a frivolous appeal.

Plaintiff withdrew its cybersquatting claim 15 U.S.C. § 1125(d) at the beginning of the trial. The Summary Judgment Memorandum and Order noted that there was not a scintilla of evidence to support a bad faith intent to profit. Defendant had not registered numerous domain names to sell to mark owners. From the commencement of the action it is clear that there was no cyberpiracy claim.

Plaintiff stated that its motivation in bringing the action was to own *scad.info* so that it could enlarge its web sites into the TLDN of *.info.*. Plaintiff's intent is to censor Defendant's speech.

This was not the typical dilution case, in that the mark , *SCAD,* was not a household name such as: Kodak, AutoZone, or Ford. Niche fame may be protected from dilution in a few circuits, but there are no Sixth Circuit decisions for niche fame. It is clear that defendant must be selling a product that closely matches plaintiff's product for niche dilution. In the two cases cited by Plaintiff in support of niche fame, each party sold the same product.[1]

Plaintiff in its Closing Argument admits that Defendant has no products for sale, but offers news and information about the school which are related to the school's services but not

---

[1] *Time Mirror v. Los Vegas Sporting News,* 212 F.3d 157,   (3rd Cir. 2000) sports newspaper is niche market; *Syndicated Sales v. Hampshire Paper*, 192 F.3d 633, 640 (7th Cir. 1999) wholesalers of floral arrangement buckets, or baskets. Cited at page 23 of Plaintiff's Closing Argument.

3

competitive. The Second Circuit holds that the dilution remedy does not apply to niche fame.[2] The Ninth and other Circuits[3] have held there may be dilution of niche fame, but the defendant's use must be narrowly directed at influencing any niche market. A niche market requires highly specialized market segments with an identifiable customer base. As the market segment in which the parties products operate becomes less specialized and less unitary the likelihood of a high degree of fame fades.[4]  Plaintiff presented no evidence of niche fame. There was no evidence that *scad.info* is narrowly directed at influencing any niche market. There was no evidence of actual dilution damages.

Plaintiff did not present an argument of law that there was niche dilution. There was not a scintilla of evidence plaintiff's mark had the highest level of fame required for general market dilution.

Defendant is entitled to reasonable attorney's fees for defending the cyberpiracy claim and the dilution claim. Plaintiff did not present a colorable claim for cyberpiracy or dilution.

In *Eagles*, the Sixth Circuit cited with approval: *Finance Inv. Co. v. Geberit AG*, 165 F.3d

---

[2]  *TCPIP Holding Co. v. Haar Communs., Inc.*, 244 F.3d 88, 99 (2nd Cir. 2001)**;** *Heidi Ott v. Target Corp,* 153 F. Supp. 2d 1055, 1075 (DC Minn. 2001)**;** Dissent in    *Time Mirror v. Los Vegas Sporting News*, 212 F.3d 157, 174  (3rd Cir. 2000); *Michael Caruso & Co. v. Estefan Enters., Inc.*, 994 F. Supp. 1454, 1463 (S.D. Fla.), *aff'd*, 166 F.3d 353 (11th Cir. 1998); *Golden Bear Int'l, Inc. v. Bear U.S.A., Inc.*, 969 F. Supp. 742, 749 (N.D. Ga. 1996); *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 968 F. Supp. 568, 578 (D. Colo. 1997), *aff'd*, 185 F.3d 1084, 1999 U.S. App. LEXIS 15225, 1999 WL 527486 (10th Cir. 1999); The 6th Circuit has no reported decisions. The circuits are split.

[3]  *Time Mirror v. Los Vegas Sporting News,* 212 F.3d 157,      (3rd Cir. 2000) sports newspaper is niche market; *Syndicated Sales v. Hampshire Paper*, 192 F.3d 633, 640 (7th Cir. 1999) wholesalers of floral arrangement buckets, or baskets, at ft. nt. 7 a geographic boundary can not define a niche market. *Thane International, v. Trek Bicycle,* 305 F.3d 894, 908 (9th Cir. 2002) *Avery Dennison v. Sumpton*, 189 F.3d 868, 877 (9th Cir. 1999)

[4]  *Thane International, v. Trek Bicycle,* 305 F.3d 894, 909 (9th Cir. 2002)

526, 533 (7th Cir. 1998) which relied upon *Door Sys. v. Pro-Line Door Sys.* The Seventh Circuit in *Door Sys. v. Pro-Line Door Sys.*, 126 F.3d 1028, 1032 (7th Cir. 1997) held that "a suit can be oppressive because of lack of merit and cost of defending even though the plaintiff honestly though mistakenly believes that he has a good case and is not trying merely to extract a settlement based on the suit's nuisance value", citing *Bittner v. Sadoff & Rudoy Industries, supra*, 728 F.2d at 830.

In *Rohr-Gurnee Motors, Inc., v. Patterson*, 2004 U.S. Dist. LEXIS 2068; 71 U.S.P.Q.2D (BNA) 1216 (N.D. Ill, 2004) attorney fees were awarded to defendant, who used plaintiff's trade name in a domain name of a grip web site. Plaintiff did not promptly dismiss the cyberpiracy claim, but allowed it to linger for four months, after the failure to obtain a preliminary injunction. The facts of that case are similar to the subject matter.

The expense of defending a groundless action is more significant to an individual than to a large corporation. Where two companies contest Lanham Act claims, with lengthy discovery and involved and expensive litigation, oppressiveness or the "exceptional"case has been found *Finance Inv. Co. v. Geberit AG*, at 165 F.3d 533,534 (7th Cir. 1998). An action with four Lanham Act claims against an individual is economically oppressive, even though discovery is not complicated and litigation brief, because the economic burden on an individual such as defendant is ruinous. The Fourth Circuit has held that relevant factors for an award of attorney fees include "economic coercion," "groundless arguments," and failure to cite controlling law *Ale House Management, Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 144 (4th Cir. 2000), quoting *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 248 U.S. App. D.C. 329, 771 F.2d 521, 526 (D.C. Cir. 1985). These factors are present in the subject case.

Where the four Lanham Act claims are directed at an individual who is not selling a product,

there is oppression of an individual's free speech as opposed to the commercial speech of a resilient corporation. The individual is not suited to withstand the assault. A groundless claim that is not colorable under the Lanham Act and that is directed against an individual's speech is fairly described as oppressive.

No complete legal argument was put forth by plaintiff as to niche dilution. Plaintiff could refer to no facts evidencing niche fame. The mark did not have the highest level of fame in the general market or in any niche market.

As to the infringement and unfair competition claims these were groundless as pointed out in the Summary Judgment Order, in that defendant was not selling or offering for sale a product. With no product being sold by defendant those claims were not colorable under the Lanham Act.

The fee request is for the payment of 453.5 hours of time at $ 160 per hour.

                                                            Respectfully submitted,

                                                            /s/ John A. Rebel
                                                          John A. Rebel (0031771)
                                                          Attorney for Defendant
                                                          McKinney & Namei
                                                          15 E. 8th St.
                                                          Cincinnati, Ohio 45202
                                                          (513) 721-0200, Fax: 513- 632-5898

**Certification of Service**

The foregoing was electronically served on the attorneys for plaintiff, on this 4th day of January 2005.

                                                            /s/ John A. Rebel
                                                          John A. Rebel (0031771)
                                                          Attorney for Defendant